IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANTA FE COMMUNITY COLLEGE,

    Plaintiff / Counterdefendant

vs.   Case No.: 1:20-CV-01151-SCY-KK

ZTARK BROADBAND LLC, a cancelled
California Limited Liability Company,

    Defendant/Counterclaimant.

## ANSWER AND COUNTERCLAIM

For its Answer and Counterclaim to Plaintiff Santa Fe Community College's ("SFCC's") Complaint, Defendant Ztark Broadband LLC states as follows:

### Answer

### First Defense

1.    Ztark admits the allegations of Paragraph 1 of the Complaint.

2.    Ztark admits that it was a California limited liability company. Ztark denies all remaining allegations of Paragraph 2 of the Complaint.

3.    Ztark admits and affirmatively states that it organized as a California limited liability company in January 2006. In August 2015, Ztark domesticated as a Nevada limited liability company; pursuant to Nevada law, Nev. Rev. Stat. § 92A.270, upon such domestication it continued in existence as the same entity. In September 2015, Ztark voluntarily terminated its status as a California limited liability company. Since August 2015, Ztark has remained in existence and good standing as a Nevada limited liability company. Ztark denies all remaining allegations of Paragraph 3 of the Complaint.

4. Ztark admits that at all times since January 2006, Tyler Kratz has been Ztark's sole member and managing member. Ztark denies all remaining allegations of Paragraph 4 of the Complaint, including the mischaracterization of Mr. Kratz as a Defendant in this action.

5. Ztark denies the allegations of Paragraph 5 of the Complaint.

6. Ztark admits that it entered into the two Capacity Lease Agreements (collectively, the "Agreements") that are attached to the Complaints as Exhibits B (the "SFCC Agreement") and C (the "CSF Agreement"). Ztark denies all remaining allegations of Paragraph 6 of the Complaint, including the implicit allegation that by entering into the Agreements, Ztark transacted business in New Mexico within the meaning of NMSA 1978, § 53-19-48.

7. Ztark admits that over the past several months, it has engaged in discussions with SFCC regarding, among other subjects, renewal of the Agreements, purchase of SFCC's EBS licenses, and notice of Ztark's intended assignment of the Agreements. Ztark affirmatively states that at no time during the course of these discussions has any representative of SFCC raised any question about the enforceability of the Agreements or made any mention of Ztark's alleged non-compliance with the warranties and representations or other terms of the Agreements, much less asserted that Ztark was in breach of any terms of the Agreements. Ztark denies all remaining allegations of Paragraph 7 of the Complaint. Ztark specifically denies that it "requested permission" to assign the Agreements; on the contrary, under the Agreements, Ztark may assign the Agreements without SFCC's consent, and Ztark simply provided notice to SFCC of its intention to assign the Agreements.

8. Ztark admits the allegations of Paragraph 8 of the Complaint.

3348486.1

9. Answering Paragraph 9 of the Complaint, Ztark admits that the United States District Court for the District of New Mexico has personal jurisdiction over Ztark and diversity jurisdiction over this action.

10. Answering Paragraph 10 of the Complaint, Ztark admits that venue of this action is properly placed in the United States District Court for the District of New Mexico.

11. Ztark admits that SFCC has brought this action pursuant to the New Mexico Declaratory Judgment Act, NMSA §§ 44-6-1 et seq, and that if SFCC refuses to dismiss the Complaint, the United States District Court for the District of New Mexico should resolve the parties' dispute. Ztark denies all remaining allegations of Paragraph 11 of the Complaint.

12. Ztark incorporates herein as though fully set forth its responses to Paragraphs 1 through 11 of the Complaint.

13. Ztark admits the allegations of Paragraph 13 of the Complaint.

14. Ztark admits that it handled all of the arrangements, including making the required payments to the College of Santa Fe ("CSF"), for the transfer of CSF's EBS license to SFCC. Ztark admits the remaining allegations of Paragraph 14 of the Complaint.

15. Ztark admits the allegations of Paragraph 15 of the complaint.

16. Ztark admits that, as permitted under the cited FCC regulation, the Agreements lease 95% of the subject licenses' digital capacity to Ztark, with SFCC retaining 5% of the digital capacity and the right to recapture an additional 20 hours of EBS programming per week. Ztark denies all remaining allegations of the Complaint, including the allegation that the Agreements only "purported" to lease 95% of the digital capacity to Ztark.

17. Ztark admits the allegations of Paragraph 17 of the Complaint.

3348486.1

18. Ztark admits that SFCC has accurately quoted Section 1(b) of the Agreements in Paragraph 18 of the Complaint. Ztark denies all remaining allegations of this Paragraph.

19. Ztark admits that SFCC has accurately quoted a portion of Section 1(c) of the Agreements in Paragraph 19 of the Complaint. Ztark denies all remaining allegations of this Paragraph.

20. Ztark admits that SFCC has accurately quoted a portion of Section 2(a) of the Agreements in Paragraph 20 of the Complaint. Ztark denies all remaining allegations of Paragraph 20 of the Complaint. Ztark affirmatively states that neither the Agreements nor any FCC rule require that approval of the Agreements be sought within any specified period of time, and the fact that approval of the Agreements has not been sought to date is not a basis for seeking termination of the Agreements. Further, Section 4(c) of the Agreements provides that both Lessor and Lessee are responsible for preparing and filing the application for FCC approval of the Agreements and, therefore, assuming any breach resulted from the failure to seek such approval in the past, SFCC is in breach.

21. Ztark admits the allegations of Paragraph 21 of the Complaint. Ztark affirmatively states that neither the Agreements nor any FCC rule require that approval of the Agreements be sought within any specified period of time, and the fact that approval of the Agreements has not been sought to date is not a basis for seeking termination of the Agreements. Further, Section 4(c) of the Agreements provides that both Lessor and Lessee are responsible for preparing and filing the application for FCC approval of the Agreements and, therefore, assuming any breach resulted from the failure to seek such approval in the past, SFCC is in breach.

22. Ztark admits the allegations of Paragraph 22 of the Complaint.

3348486.1

23. Ztark denies the allegations of Paragraph 23 of the Complaint. Ztark affirmatively states that the SFCC Agreement provides for a lease fee of between $35,000 and $40,000, and that the CSF Agreement provides for a lease fee of between $60,000 and $65,000.

24. Ztark admits that Section 5 of the Agreements provides that, "The fee shall be disbursed within five (5) business days after the date of FCC approval." Ztark denies all remaining allegations of Paragraph 24 of the Complaint.

25. Ztark denies the allegations of Paragraph 25 of the Complaint.

26. Ztark admits that SFCC has accurately quoted a portion of Section 6(a) of the Agreements in Paragraph 26 of the Complaint. Ztark denies all remaining allegations of this Paragraph.

27. Ztark denies the allegations of Paragraph 27 of the Complaint.

28. Ztark denies the allegations of Paragraph 28 of the Complaint.

29. Ztark denies the allegations of Paragraph 29 of the Complaint.

30. Ztark admits the allegations of Paragraph 30 of the Complaint.

31. Ztark admits the allegations of Paragraph 31 of the Complaint.

32. Ztark admits that in 2006 an FCC regulation, 47 C.F.R. § 27.1201(a), governing EBS required licenses to be held by nonprofit or governmental educational entities providing educational content. Ztark denies the remaining allegations of Paragraph 32 of the Complaint.

33. Ztark admits the allegations of Paragraph 33 of the Complaint.

34. Ztark incorporates herein as though fully set forth its responses to Paragraphs 1 through 33 of the Complaint.

35. Ztark admits that SFCC takes the position in the Complaint that there is a dispute between the parties regarding the enforceability of the Agreements. Ztark affirmatively states

3348486.1

that at no time prior to SFCC's counsel's October 9, 2020, service of the Complaint on Ztark's managing member, has any representative of SFCC made any mention of at no time during the course of these discussions has any representative of SFCC raised any question about the enforceability of the Agreements or made any mention of Ztark's alleged non-compliance with the warranties and representations or other terms of the Agreements, much less asserted that Ztark was in breach of any terms of the Agreements. Ztark affirmatively states that SFCC has breached its obligations under Section 7(c) of the Agreements to give Ztark notice of and an opportunity to cure any claimed breach of the Agreements. Ztark affirmatively states that SFCC's filing of the Complaint without first giving Ztark notice of the claimed breach or breaches of the Agreements and an opportunity to cure is in bad faith. Ztark denies all remaining allegations of Paragraph 35 of the Complaint.

36.   Ztark admits that in the Complaint, SFCC takes the position that there is a question whether the lack of any FCC approval of the Agreements to date renders them void or otherwise unenforceable, and that as a result there is a dispute between SFCC and Ztark regarding the enforceability of the Agreements. Ztark affirmatively states that, particularly in light of SFCC's failure to give any notice of the claimed breach and an opportunity to cure, SFCC's position is unreasonable, in bad faith, and meritless. Ztark denies all remaining allegations of Paragraph 36 of the Complaint.

37.   Ztark admits that in the Complaint, SFCC takes the position that there is a question whether, as a result of Ztark's alleged breach of its warranties and representations, the Agreements are unenforceable, that there is a dispute between SFCC and Ztark regarding the enforceability of the Agreements. Ztark affirmatively states that, particularly in light of SFCC's failure to give any notice of the claimed breach and an opportunity to cure, SFCC's position is

unreasonable, in bad faith, and meritless. Ztark denies all remaining allegations of Paragraph 37 of the Complaint.

38.     Ztark admits that, if SFCC refuses to admit that its claims have no merit and dismiss its Complaint, it will be necessary for the Court to enter a declaratory judgment regarding the enforceability of the Agreements. Ztark denies all remaining allegations of Paragraph 38 of the Complaint.

39.     Ztark denies the allegations of Paragraph 39 of the Complaint.

40.     Ztark denies all other allegations of the Complaint that it has not expressly admitted

## Second Defense

41.     The Complaint fails, in whole or in part, to state a claim upon which relief as requested may be granted.

## Third Defense

42.     SFCC's requested relief is barred by the doctrines of waiver, equitable estoppel, and laches.

## Fourth Defense

43.     SFCC's failure to provide notice of and an opportunity to cure any claimed breach by Ztark bars SFCC's claims alleged in its Complaint.

## Fifth Defense

44.     SFCC's failure to take any steps to obtain FCC approval of the Agreements operates to bar SFCC's claim that such non-approval to date renders the Agreements void or unenforceable.

Sixth Defense

45. The fact that Ztark to date has not sought FCC approval of the Agreements does not constitute a breach of the Agreements or otherwise operate to void the Agreements or render them voidable or unenforceable. Even assuming that the fact that Ztark to date has not sought FCC approval of the Agreements amounted to a breach, the breach is not material, and does not entitle SFCC to terminate or void the Agreements. Even assuming that the fact that Ztark to date has not sought FCC approval of the Agreements amounted to a material breach, SFCC has failed to give Ztark notice of the breach and an opportunity to cure, which failure bars SFCC's claim.

Seventh Defense

46. As of the effective date of the Agreements as well as at all times since then, Ztark has validly existed under the laws of the State of California, and Ztark has not breached its warranty and representation regarding such existence set forth in Section 6(a)(i) of the Agreements. Even assuming that Ztark breached this warranty and representation, such breach was not material and does not entitle SFCC to terminate or void the Agreements. Even assuming that Ztark breached this warranty and representation, and such breach was material, SFCC has failed to give Ztark notice of the breach and an opportunity to cure, which failure bars SFCC's claim. Even assuming that Ztark breached this warranty and representation, such breach was material, and SFCC's Complaint operates as notice to Ztark of the breach and an opportunity to cure, Ztark has complied with the provisions of Section 7(c)(i) of the Agreements to cure the breach.

Eighth Defense

47. As of the effective date of the Agreements as well as at all times since then, Ztark has been qualified to do business in the State of New Mexico, and Ztark has not breached its

8

3348486.1

warranty and representation regarding such qualification set forth in Section 6(a)(i) of the Agreements. Even assuming that Ztark breached this warranty and representation, such breach was not material and does not entitle SFCC to terminate or void the Agreements. Even assuming that Ztark breached this warranty and representation, and that such breach was material, SFCC has failed to give Ztark notice of the breach and an opportunity to cure, which failure bars SFCC's claim. Even assuming that Ztark breached this warranty and representation, such breach was material, and SFCC's Complaint operates as notice to Ztark of the breach and an opportunity to cure, Ztark has complied with the provisions of Section 7(c)(i) of the Agreements to cure the breach.

Ninth Defense

48.    Ztark reserves the right to assert additional defenses as they may be established as a result of discovery and other trial preparation.

WHEREFORE, Ztark respectfully requests the Court to dismiss SFCC's Complaint with prejudice, enter judgment in Ztark's favor, award Ztark its reasonable costs and attorney's fees pursuant to Section 12(b) of the Agreements, and grant such other and further relief as the Court deems just and proper.

**Counterclaim**

For its Counterclaim against SFCC, Ztark alleges as follows:

1.    Ztark incorporates herein by reference its answer to SFCC's Complaint.

2.    SFCC has breached the Agreements by failing, prior to filing its Complaint, to give Ztark notice of Ztark's alleged breaches and an opportunity to cure such breaches.

3.    Ztark has been damaged as a result of SFCC's breach of the Agreements, including having to engage counsel to defend against SFCC's Complaint. Ztark is otherwise

9

entitled to an award of its attorney's fees incurred defending against SFCC's Complaint pursuant to Section 12(b) of the Agreements.

4.SFCC has recklessly breached the Agreements with wanton disregard for Ztark's rights.

WHEREFORE, Ztark requests the Court to enter judgment in favor of Ztark on its Counterclaim, to award Ztark compensatory and punitive damages, to award Ztark its reasonable costs and attorney's fees incurred defending against the Complaint, and to grant Ztark such other and further relief as the Court deems just and proper.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By */s/ Henry M. Bohnhoff*
Henry M. Bohnhoff
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
FAX: (505) 768-7395
*Attorneys for Defendant* Ztark Broadband LLC

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on November 6, 2020, I filed the foregoing using CM/ECF which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Lynn E. Mostoller
<u>lem@sutinfirm.com</u>
Alison K. Goodwin
<u>akg@sutinfirm.com</u>
Sutin, Thayer & Browne


        RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

        By <u>*/s/ Henry M. Bohnhoff*</u>
          Henry M. Bohnhoff

3348486.1