## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SANTA FE COMMUNITY COLLEGE,

    Plaintiff/Counterdefendant,

vs.               CIVIL NO. 1:20-CV-01151-SCY-KK

ZTARK BROADBAND LLC, a cancelled
California Limited Liability Company,

    Defendant/Counterclaimant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held by telephone on November 18, 2020, and was attended by:

  Lynn E. Mostoller and Alison K. Goodwin for Plaintiff/Counterdefendant

  Henry M. Bohnhoff for Defendant/Counterclaimant.

## NATURE OF THE CASE

This case concerns a declaratory judgment action under the New Mexico Declaratory Judgment Act, NMSA 1978, § 44-6-1 to -15 (1975) concerning the respective rights and responsibilities of SFCC and Ztark as they relate to the two purported Capacity Lease Agreements with SFCC and the College of Santa Fe ("CSF") (collectively the "Leases") to lease the excess capacity of two Educational Broadband Service ("EBS") licenses, covering four channels each, located in the Santa Fe New Mexico area (collectively the "Licenses").

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:  Amended Complaint

3361815

Plaintiff(s) should be allowed until January 18, 2021, to move to amend the pleadings and until January 18, 2021, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file: Amended Counterclaim

Defendants(s) should be allowed until March 18, 2021, to move to amend the pleadings and until March 18, 2021, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the subject matter and of the parties.

The parties are willing to further stipulate to the following facts:

1.      Plaintiff and Defendant entered into a Capacity Lease Agreement, a copy of which is attached to the Complaint as Exhibit B, as of May 22, 2006.

2.      The College of Santa Fe and Defendant entered into a Capacity Lease Agreement, a copy of which is attached to the Complaint as Exhibit C, as of May 22, 2006.

3.      The College of Santa Fe assigned its interest in its Capacity Lease Agreement with Ztark to Plaintiff as of March 10, 2010.

The parties do not agree on the law governing this case.  The parties also do not agree on the enforceability of the Capacity Lease Agreements.

## PLAINTIFF'S CONTENTIONS:

1.      Ztark, has entered into two purported Capacity Lease Agreements with SFCC and the College of Santa Fe ("CSF") (collectively the "Leases") to lease the excess capacity of two

Educational Broadband Service ("EBS") licenses, covering four channels each, located in the Santa Fe New Mexico area (collectively the "Licenses").

2.      Over the past several months, Kratz has been in contact with SFCC in an attempt to enforce various provisions of the Leases, to negotiate renewal of the Leases, or to purchase the Licenses from SFCC. Kratz has also requested permission to assign Ztark's interest in the Leases to a different company.

3.      In May 2006, Ztark executed the two Leases, one with SFCC and one with CSF. In 2010, Ztark worked with SFCC and CSF to transfer the CSF License to SFCC. The CSF License was transferred to SFCC on or about October 1, 2010, the FCC consented to the transfer of the CSF License to SFCC.

4.      The Leases cannot be enforced against SFCC because the FCC has never approved them, Ztark has never used its capacity, and Ztark has never paid SFCC any of the fees owed under the Leases.  In sum, Ztark has largely failed to perform its obligations under the Lease s for 14.5 years of the 15-year term.  In addition, at the time SFCC filed its Complaint Ztark was in breach of various representations and warranties set forth in the Leases, as set forth in more detail in the SFCC's Complaint.

5.      Because commercial entities may now hold EBS broadband licenses and these license frequencies can be used with 5G technology, the value of the Licenses has increased dramatically.  The value and nature of the Licenses and the market for the Licenses has changed such that negotiating a renewal of the Capacity Lease Agreements "on terms and conditions substantially similar" has been rendered impossible or unconscionable.

6.      SFCC denies it breach the Leases or alternatively was justified in its actions by Ztarks prior breaches.

3

## DEFENDANT'S CONTENTIONS

Defendant /Counterclaimant Ztark Broadband LLC ("Ztark") generally denies all of the allegations upon which Plaintiff/Counterdefendant Santa Fe Community College ("SFCC") grounds its request for declaratory judgment, except those that are expressly admitted in Ztark's answer.  Ztark incorporates herein by reference its Answer and Counterclaim.  Ztark's principal contentions are as follows:

1.      The fact that the Federal Communications Commission to date has not approved the May 22, 2006 Capacity Lease Agreements ("Agreements") does not render them unenforceable.  Neither the Agreements nor any law or regulation require Ztark to seek such approval at any particular time.  Assuming there was any requirement to seek FCC approval at an earlier date, SFCC breached its duties under the Agreements, since any such requirement is imposed equally on SFCC; that breach would bar SFCC from denying the Agreements' enforceability.  Further, SFCC's fourteen-year delay in raising this issue bars it under principles of waiver, laches and estoppel from claiming that on that basis the Agreements are unenforceable.  SFCC's failure to give Ztark notice of the claim and an opportunity to cure, as required by the Agreements, also bars SFCC from making the claim.

2.      In the Agreements, Ztark warranted, as of May 22, 2006, that it validly existed under the laws of California.  SFCC contends that Ztark has breached this warranty and that such breach renders the Agreements unenforceable.  Ztark did not warrant that it would continue to exist under the laws of California for the thirty-year lifes (with renewals) of the Agreements, but in fact Ztark has remained in existence under the laws of California.  Even assuming Ztark's warranty could be construed to mean that it would remain *organized* under the laws of California, any breach of the warranty is immaterial.  And even assuming the breach reasonably could be viewed as material, SFCC has failed to comply with the Agreements' express

4

requirement that it give Ztark notice of the breach and an opportunity to cure, which failure bars SFCC's claim.  SFCC's multi-year delay in claiming that Ztark has breached this warranty also bars the claim under principles of waiver, laches and equitable estoppel.

3.      In the Agreements, Ztark warranted, as of May 22, 2006, that it was qualified to do business in New Mexico.  SFCC contends that Ztark has breached this warranty and that such breach renders the Agreements unenforceable.  Ztark did not warrant that it would continue to be qualified to do business in New Mexico for the thirty-year lifes (with renewals) of the Agreements, but in fact Ztark has remained qualified to do business in New Mexico.  Even assuming Ztark's warranty could be construed to mean that it be and remain *registered* to transact business in New Mexico, any breach of the warranty is immaterial.  And even assuming the breach reasonably could be viewed as material, SFCC has failed to comply with the Agreements' express requirement that it give Ztark notice of the breach and an opportunity to cure, which failure bars SFCC's claim.  SFCC's multi-year delay in claiming that Ztark has breached this warranty also bars the claim under principles of waiver, laches and equitable estoppel.

4.      SFCC now realizes that the value of its FCC licenses that it agreed to lease to Ztark has increased significantly.  It has seized upon the pretext of claiming that the Agreements are unenforceable for the reasons set forth above in an attempt to terminate the Agreements and lease the licenses to a higher bidder.

5.      SFCC has breached its obligation under the Agreements to give Ztark notice and an opportunity to cure any claimed material breach of or default.  SFCC also has breached its obligation to participate and cooperate with Ztark in seeking FCC approval of the Agreements. Ztark is entitled to recover damages from SFCC for these breaches, including the attorney's fees

and costs that Ztark is incurring to defend against SFCC's claims and pursue Ztark's counterclaim.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff**

1.      Witnesses

      A.      Nick Telles
c/o Sutin, Thayer & Browne APC

      Mr. Telles is expected to testify regarding his knowledge, experiences, and communications regarding the Licenses.

      B.      Tyler Kratz
      c/o Rodey, Dickason, Sloan, Akin & Robb (Henry M. Bohnhoff)

      Mr. Kratz is expected to testify regarding his knowledge, experiences, and communications regarding the Licenses.

      C.      Any witness listed by any other party.

      D.      Any witness identified through discovery.

This is a preliminary list, and Plaintiff/Counter-Defendant reserves the right to supplement the same.

2.     Documents

     A.     All exhibits attached to the Complaint and Answer to Counterclaim, which includes the Search Results from LLC Search on the California Secretary of State website; purported Capacity Lease Agreement with SFCC; purported Capacity Lease Agreement with College of Santa Fe; and September 20, 2020 email from T. Kratz to N. Telles.

     B.     Non-privileged records and documents that are in the possession of Plaintiff/Counter-Defendant regarding the Licenses, including the negotiations and communications regarding SFCC's acquisition of the College of Santa Fe's License during the 2009 to 2011 timeframe, and recent communications regarding the Licenses with Mr. Kratz.

     C.     Any exhibit to any deposition.

     D.     All documents listed or identified by Defendant/Counter-Plaintiff.

     E.     All documents identified through discovery.

     F.     Any documents necessary for rebuttal.

This is a preliminary list, and Plaintiff/Counter-Defendant reserves the right to supplement the same.

3.     Experts

SFCC has not yet identified any expert witnesses who would testify in this matter.

**Defendant**

1.     Witnesses

Barton Bond, Film/Video Coordinator, Santa Fe Community College, 6401 Richards Drive, Santa Fe, New Mexico 87508 (last known address). Mr. Bond would testify regarding

SFCC's decision to enter into the May 22, 2006 Agreement with Ztark; and the actions the parties took in connection with performance of the Agreements.

Tyler Kratz, Managing Member of Ztark, c/o Counsel for Ztark.  Mr. Kratz will testify regarding Ztark's decision to enter into the May 22, 2006 Agreement with SFCC; the events and actions in connection with the 2010 assignment of the College of Santa Fe's Agreement with Ztark to SFCC; the actions the parties have taken in connection with performance of the Agreements; and his communications in 2019 and 2020 with Nick Telles regarding performance and renewal of the Agreements.

Nick Telles, Santa Fe Community College, c/o Counsel for SFCC.  Mr. Telles will testify regarding his communications with Mr. Kratz in 2019 and 2020 regarding performance and renewal of the Agreements; and SFCC's decision to claim that the Agreements are unenforceable.

Ztark reserves the right to identify and depose and/or call to testify at trial additional witnesses as they may be identified in discovery.

2.      Documents

Documents reflecting the SFCC's and the College of Santa Fe's 2006 negotiations and decisions to enter into the Agreements with Ztark.

Documents reflecting the College of Santa Fe's 2010 decision to sell and assign its FCC license to SFCC.

Documents reflecting the parties' performances under the Agreements, including documents reflecting and relating to Nick Telles' 2019-2020 communications with Tyler Kratz.

Documents reflecting SFCC's decision to dispute the enforceability of the Agreements, including communications with third parties regarding the FCC licenses that are the subject of the Agreements.

3.      Experts

Ztark to date has not identified any expert witnesses who would testify in this matter.

Discovery will be needed on the following subjects:  *(Brief description of subjects on which discovery will be needed.)*

Maximum of 30 interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of 30 requests for admission by each party to any other party.  (Responses due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

      from Plaintiff(s) by March 18, 2021

      from Defendant(s) by April 18, 2021.

Supplementation under Rule 26(e) due no later than two weeks before the close of discovery *(set time(s) or interval(s)).*

All discovery commenced in time to be complete by May 18, 2021.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

**PRETRIAL MOTIONS**

Plaintiff intends to file:  Motion for Summary Judgment

Defendant intends to file: Motion for Summary Judgment

**ESTIMATED TRIAL TIME**

The parties estimate trial will require 3 days.

_X___ This is a non-jury case.

_____ This is a jury case.

The parties request a pretrial conference 30 days following the close of discovery.

## **SETTLEMENT**

The possibility of settlement in this case cannot be evaluated prior to completion of initial document discovery (anticipated by January 18, 2021).  The parties request a settlement conference in early February 2021.  The parties agree to postpone any depositions until after the settlement conference.

## **EXCEPTIONS**

The statement of the Nature of the Case set forth on page 1 *supra* is drafted by the Plaintiff.  Defendant does not agree with the statement to the extent that it characterizes the Capacity Lease Agreements as "purported."

APPROVED WITH EXCEPTIONS
(note exceptions above)

SUTIN, THAYER & BROWNE, PC

By:   *approved via email 12.1.2020*
       Lynn E. Mostoller
       Alison K. Goodwin
Sutin, Thayer & Browne, PC
P.O. Box 1945
Albuquerque, NM 87103-1945
LEM@sutinfirm.com
akg@sutinfirm.com
*Attorneys for Plaintiff*

10

APPROVED WITH EXCEPTIONS
(note exceptions above)

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _/s/ Henry M. Bohnhoff_
Henry M. Bohnhoff
P. O. Box 1888
Albuquerque, NM 87103
Telephone:  (505) 765-5900
Fax:  (505) 768-7395
*Attorneys for Defendant* Ztark Broadband LLC

CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2020, I filed the foregoing using CM/ECF which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Lynn E. Mostoller
lem@sutinfirm.com
Alison K. Goodwin
akg@sutinfirm.com
Sutin, Thayer & Browne

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _/s/ Henry M. Bohnhoff_
Henry M. Bohnhoff