**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SANTA FE COMMUNITY COLLEGE,

Plaintiff/Counter-Defendant,

v Case No.: 1:20-cv-01151-SCY-KK

ZTARK BROADBAND LLC, a cancelled California Limited Liability Company,

Defendant/Counter-Plaintiff.

**STIPULATED PROTECTIVE ORDER**

THIS MATTER came before the Court upon the agreement, and stipulation of Plaintiff/Counter-Defendant Santa Fe Community College ("SFCC") and Defendant/Counter-Plaintiff Ztark Broadband LLC ("Ztark") (collectively, the "Parties"), by and through their undersigned counsel. Pursuant to the Parties' agreement and the Court's authority under Fed. R. Civ. P. 26(c), the **COURT ORDERS**:

1. The particular facts of the case demonstrate an adequate basis to find good cause to issue the order pursuant to Federal Rule of Civil Procedure 26(c).

2. The scope of the requested Protective Order is limited to any asset purchase agreement which is marked as "Confidential" (collectively referred to herein as "Confidential Information").

3. Ztark shall identify Confidential Information by prominently inscribing the following statement on the face of every document that it produces to SFCC that contains Confidential Information: "Confidential." Ztark may also identify Confidential Information by

identifying in writing to SFCC's counsel the document or information that is deemed Confidential. Confidential Information, and the contents of any document that is so marked, shall not be disclosed to any person except in accordance with the terms of this Order.

4. Confidential Information may be disclosed to counsel for SFCC and their staff, and to officers or other representatives of SFCC who have decision-making authority regarding this action. Confidential Information may also be disclosed to outside consultants or experts retained for the purpose of assisting SFCC's counsel in litigation; provided, however, that in all such cases the individual to whom disclosure is to be made shall be notified of the provisions of this Order and is bound by it to the same extent as the parties and their counsel.

5. Any deponent in this litigation may, during his or her deposition, be shown and examined regarding Confidential Information provided, however, that in all such cases the deponent to whom disclosure is to be made has received a copy of this Order and has agreed in writing to be bound by it. The Parties may, within 15 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as Confidential Information. Pages so designated shall be marked as set out in Paragraph 2 of this order. Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this order. If a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not marked as confidential.

6. None of the Confidential Information shall be posted to any web site.

7. If the Parties are unable to agree as to whether a particular document contains Confidential Information, as defined in this order, the parties may apply to this Court for resolution of the issue. All matters under dispute shall remain confidential until the Court decides the matter

in dispute and all avenues of appeal are exhausted. The party designating documents as "Confidential" bears the burden of establishing its confidentiality.

8. The provisions of this Order shall not terminate at the conclusion of this action.

9. The parties acknowledge that this Order does not entitle them to seal confidential information filed with the Court.

10. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating

party does not file a responsive declaration within the fourteen day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

**IT IS SO ORDERED.**

Kirtan Khalsa
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

APPROVED BY:

SUTIN, THAYER & BROWNE
A Professional Corporation

By *<u>/s/ Lynn E. Mostoller</u>*
Lynn E. Mostoller
Alison K. Goodwin
Post Office Box 1945
Albuquerque, New Mexico 87103-1945

Telephone: (505) 883-2500
*Attorneys for SFCC*

By _*approved via email 2/17/21*___________
Henry M. Bohnhoff
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
*Attorneys for Ztark*