IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANTA FE COMMUNITY COLLEGE,

       Plaintiff/Counter-Defendant,

vs.                                                  Civ. No. 20-1151 SCY/KK

ZTARK BROADBAND, LLC, a cancelled
California Limited Liability Company,

       Defendant/Counter-Plaintiff.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO CERTIFY

This dispute arises from two broadband lease agreements Defendant Ztark Broadband, LLC ("Ztark") made in 2006: one with Plaintiff Santa Fe Community College ("SFCC") and another with a different entity, and later transferred to SFCC. Although the lease agreements expired in May 2021, they contain terms which allow Ztark a set period to negotiate renewal of the agreement on "terms and conditions substantially similar" to those contained in the 2006 agreements. Doc. 68 at 3. Renewing the lease agreements under similar terms provides a substantial benefit to Ztark because the market value of the leases has increased considerably since 2006. SFCC argues that renewing the leases for less than fair market value (i.e., accepting a substantially similar value as accepted in 2006 as opposed to a 2021 fair market value) would be a violation of the New Mexico Constitution's Anti-Donation Clause.

Ztark moved for summary judgment on this issue, but SFCC contends that two questions should be answered by the New Mexico Supreme Court before this Court rules on summary judgment. As such, SFCC filed a Motion to Certify on July 9, 2021 (Doc. 68), which was fully briefed August 27, 2021 (Docs. 84, 85, 93), seeking to certify these two questions: 1) whether the Anti-Donation Clause, Article IX, Section 14 of the New Mexico Constitution, applies to

SFCC; and 2) whether the Anti-Donation Clause prohibits SFCC from renewing leases that provide SFCC less than fair market value for broadband spectrum licenses. The Court finds sufficient guidance from state court decisions and statutes to answer these questions. As such, the Court denies SFCC's motion to certify.[1]

## BACKGROUND

According to the operative First Amended Complaint for Declaratory Judgment, in May 2006, Ztark executed two Capacity Lease Agreements to lease the excess capacity of two Educational Broadband Services ("EBS") licenses, covering four channels each, located in Santa Fe, New Mexico. Doc. 35 ¶ 8 (First Amended Complaint). Ztark executed one lease with Plaintiff SFCC and the other with non-party College of Santa Fe ("CSF"). *Id.* ¶ 15. These leases "purport to lease 95% of the digital capacity to Ztark, with SFCC and CSF each retaining 5% of the digital capacity and the right to recapture an additional 20 hours of EBA programming per week from Ztark's capacity." *Id.* ¶ 26. CSF later transferred its license to SFCC when CSF closed down. *Id.* ¶ 23.

The initial term of the leases was 15 years, making them set to expire in May 2021. *Id.* ¶ 27. The leases contained a renewal provision and a provision regarding right of first refusal. *Id.* ¶¶ 28-29. As such, Tyler Kratz, the sole and managing member of Ztark, had recently been in contact with SFCC "in an attempt to enforce various provisions of the Leases, to negotiate renewal of the Leases, or to purchase the Licenses from SFCC." *Id.* ¶ 9. The renewal term of the leases allows Ztark a set period of time "to negotiate in good faith for a renewal of this Agreement on terms and conditions substantially similar to those contained in this Agreement for

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 11, 12, 13.

the leasing of Excess Capacity." *Id.* ¶ 28. Because of changes made to FCC regulations in recent years, "the market value for selling and leasing the licenses has increased dramatically, and the value of the licenses has increased substantially since the leases were executed." *Id.* ¶ 41. Kratz, however, has offered to purchase the licenses or renew the leases for a fraction of their fair market value. *Id.* ¶ 44.

In its first amended complaint, SFCC seeks an order from the Court on "the rights and responsibilities of SFCC and Ztark as they relate to the Leases, and whether the Leases are enforceable, including but not limited to":

- Under the New Mexico Constitution, Art. IX, Section 14 (Anti-Donation Clause), as a public institution SFCC may not sell or lease a public asset for less than fair market value. Forcing SFCC to renew the Capacity Lease Agreements on substantially the same terms would be a fraction of the fair market value, in violation of New Mexico's anti-donation clause.

- The Capacity Lease Agreements were never consummated and therefore are not enforceable. The parties were required to cooperate to timely submit applications to the FCC for approval of the Leases. This was never done. At this point, nearly fifteen years later, a timely application is not possible. As a result, Ztark never had the right to use and never actually used the 95% as the Capacity Lease Agreements state. Ztark also never paid a Lease Fee to SFCC. This is all consistent with a track record of poor or no performance of the obligations under the Leases.

- The Capacity Lease Agreements, particularly the requirement to renew the Leases "on terms and conditions substantially similar" are unconscionable, particularly under these circumstances.

- Ztark's unclean hands and false representations and warrantees to SFCC regarding the legal status of the Leases.

*Id.* at 8-9. As such, SFCC seeks a declaratory judgment as follows:

- A Declaration from the Court that the Capacity Lease Agreements cannot be enforced against SFCC because the FCC has never approved them;

- A Declaration from the Court that the renewal provisions of the Capacity Lease Agreements cannot be enforced against SFCC because enforcement would be unconstitutional; and

- A Declaration from the Court that the Capacity Lease Agreements, particularly the renewal provisions, cannot be enforced against SFCC because they are unconscionable.

*Id.* at 9. Ztark filed a counterclaim, alleging five counts: 1) breach of duty to give notice of breach and opportunity to cure; 2) breach of duty to participate in and cooperate with FCC approval applications; 3) breach of duty to negotiate renewal of the leases; 4) breach of duty not to obstruct assignment of the leases; and 5) specific performance of the FCC lease approval, lease renewal, and assignment. Doc. 38.

The current motion to certify concerns one of SFCC's arguments for declaratory judgment—that under the Anti-Donation Clause, SFCC may not sell or lease a public asset for less than fair market value. Ztark moved for summary judgment on this issue (and all other issues in SFCC's first amended complaint), arguing that the Anti-Donation Clause does not apply to community colleges such as SFCC and the lease agreements, in any event, do not constitute unconstitutional donations. Doc. 53.

## LEGAL STANDARD

"A federal district court considering an unsettled question of state law has the option of determining what a state court would decide or certifying the question to the state appellate court." *Malott v. New Mexico Educ. Ret. Bd.*, No. CV 12-01146 MV/WPL, 2014 WL 12798352, at *4 (D.N.M. Jan. 27, 2014). To that end, New Mexico Rule 12-607 allows the Supreme Court of the state to "answer by formal written opinion questions of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and the question is one for which an answer is not provided by a controlling (a) appellate opinion of the New Mexico Supreme Court or the New Mexico Court of Appeals; or (b) constitutional provision or statute of this state." Rule 12-607 NMRA; *see also* NMSA § 39-7-4 (same). The "issue should present a significant question of law under the New Mexico

Constitution or be one of such substantial public interest that it should be determined by" the state supreme court. *Schlieter v. Carlos*, 1989-NMSC-037, ¶ 15, 775 P.2d 709.

Under federal jurisprudence, courts should not "trouble our sister state courts every time an arguably unsettled question of state law come across our desks. When we see a reasonably clear and principled course, we should seek to follow it ourselves." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). "While we apply judgment and restraint before certifying, however, we will nonetheless employ the device in circumstances where the question before us (1) may be determinative of the case at hand and (2) is sufficiently novel that we feel uncomfortable attempting to decide it without further guidance." *Pino*, 507 F.3d at 1236.

The New Mexico Supreme Court's "answer must be determinative in that it resolves the issue in the case out of which the question arose, and the resolution of this issue materially advances the ultimate termination of the litigation." *Schlieter*, 1989-NMSC-037, ¶ 4. The state supreme court has accepted certification in cases "in which there is no dispute over the factual predicates to the Court's determination of the questions certified, and [its] answer either disposes of the entire case or controversy, or disposes of a pivotal issue that defines the future course of the case." *Id.* (collecting cases). The supreme court's "goal in answering a question certified by the federal courts is not to finally dispose of all relevant issues in a case but is rather to resolve unsettled matters of New Mexico law." *Spurlock v. Townes*, 2016-NMSC-014, ¶ 11, 368 P.3d 1213 (internal quotation marks and citation omitted).

## DISCUSSION

The Anti-Donation Clause of the New Mexico Constitution provides that "[n]either the state nor any county, school district or municipality, except as otherwise provided in this constitution, shall directly or indirectly lend or pledge its credit or make any donation to or in aid

5

of any person, association or public or private corporation . . . ." N.M. Const. art. IX, § 14. SFCC interprets this clause to mean that because it is a public institution, it may not sell or lease a public asset for less than fair market value. Doc. 35 at 8 (Amended Complaint) ("Forcing SFCC to renew the Capacity Lease Agreements on substantially [the] same terms would be a fraction of the fair market value in violation of New Mexico's anti-donation clause."). As to the first question SFCC seeks to certify, whether the Anti-Donation Clause applies to it, the Court agrees with SFCC that there is no controlling authority from New Mexico law directly on point to answer this question. However, as the Court explains in its Order on summary judgment filed contemporaneously with this Order, the Court finds that it has enough guidance to determine what the state court would decide and will thus not "trouble [its] sister state courts," but follow the "reasonably clear and principled course." *Pino*, 507 F.3d at 1236. Although no controlling authority exists, reference to law that does exist makes it reasonably clear that SFCC is not subject to the Anti-Donation Clause.[2]

    The Court begins its analysis by looking at the plain language of the New Mexico Constitution. New Mexico's Anti-Donation Clause enumerates the following entities: state, county, school district, and municipality. N.M. Const. art. IX, § 14. SFCC asserts that it is either a state institution or a school district.

    A review of New Mexico case law indicates SFCC is not a state institution. In *Leach v. New Mexico Junior College*, the New Mexico Court of Appeals held that the New Mexico Junior College was not subject to Eleventh Amendment immunity as an arm of the state because it is

---

[2] In deciding this issue, the Court considers and cites arguments on the Anti-Donation Clause raised by the parties in their summary judgment briefings, which they largely repeat in their briefing on the motion to certify. *See* Docs. 53, 61, 72, 76, 80. Likewise, this Order incorporates and repeats the Court's findings in its Order Granting Defendant's Motion for Summary Judgment regarding the Anti-Donation Clause.

not designated as a state education institution in Article 12, Section 11 of the New Mexico Constitution. 2002-NMCA-039, ¶¶ 14, 18, 45 P.3d 46. Relying on this decision, the New Mexico Attorney General issued an opinion in 2008 concluding that the omission of New Mexico Junior College from Article 12, Section 11 also means the school is not a state institution for purposes of the Anti-Donation Clause. Doc. 53-14. The Court recognizes that "Attorney General opinions and advisory letters do not have the force of law." *United States v. Reese*, 2014-NMSC-013, ¶ 36, 326 P.3d 454. The 2008 Attorney General opinion, however, presents facts similar to the present case and is persuasive.

Nonetheless, SFCC urges the Court to look to a different, earlier New Mexico Attorney General Opinion. In 1997, the New Mexico Attorney General considered whether the Anti-Donation Clause barred the Albuquerque Technical-Vocational Institute from engaging in certain expenses, such as travel for speakers at the school, scholarships, and refreshments at graduation. N.M. A.G. Op. No. 97-02 (Jan. 7, 1997), 1997 WL 401040. The Opinion concluded, "based on the intent underlying the antidonation clause we believe that T-VI may constitutionally spend public money to achieve its educational purposes and perform its statutory functions, even when the expenditures provide an incidental benefit to private individuals or entities, as long as the benefit, based on the amount, duration, frequency or other characteristic, does not amount to an actual grant or subsidy condemned by the clause." *Id*. at *3. Regarding scholarships, "[t]he antidonation clause is not implicated because, as discussed above, the resulting benefit to students consists of a recognized governmental service, i.e., education." *Id*. at 5. Importantly, this 1997 Attorney General Opinion never explicitly addressed the issue before the Court: whether a community college is an arm of the state for purposes of the Anti-Donation Clause. Instead, the Opinion assumed the Anti-Donation Clause applied but then concluded that that the expenditures

at issue did not violate the clause. In contrast, the 2008 Attorney General Opinion explicitly considered whether the Anti-Donation Clause applies to a community college and concluded that it does not.

Between the 1997 and 2008 opinions from the New Mexico Attorney General, the 2008 opinion is more useful. It explicitly addresses the issue before the Court, takes the New Mexico Court of Appeals' 2002 decision in *Leach* into consideration, and is the most recent statement from the Attorney General on the issue. Like the New Mexico Attorney General, the Court concludes SFCC is not a state institution governed by the Anti-Donation Clause because it is not listed as a state education institution under the New Mexico Constitution, Article 12, Section 11.

Turning to the question of whether SFCC is a "school district", the Court first looks to New Mexico statutes. Under NMSA § 22-1-2(R), a school district is defined as "an area of land established as a political subdivision of the state for the administration of public schools and segregated geographically for taxation and bonding purposes." NMSA § 22-1-2(R). A public school is further defined as "part of a school district that is a single attendance center in which instruction is offered by one or more teachers and is discernible as a building or group of buildings generally recognized as either an *elementary, middle, junior high or high school* or any combination of those and includes a charter school." NMSA § 22-1-2(L) (emphasis added).

SFCC, on the other hand, is a community college organized under the Community College Act and governed by a community college board, NMSA §§ 21-13-1 to -25. Doc. 68 at 9. In contrast to a school district, a community college district is defined as "a district in which a community college is located, which district is composed of the territory of one or more school districts of the state." NMSA § 21-13-2(B). This definition indicates that the boundaries of a community college district are the same as the school district or school districts in which the

8

community college is located. But the existence of common boundaries does not mean that the state treats a community college district the same as a school district. Moreover, even if a community college district were the same as a school district, the campuses of an individual college, such as SFCC, are much smaller than the district in which it lies. Thus, even if a district at any given time is composed of only one school, that one school is not tantamount to an entire *district*. *See* NMSA § 22-1-2(L) (defining a public school as "*part of* a school district") (emphasis added).

In short, SFCC has no explicit language from state law on which it can rely. Faced with the absence of such explicit language, SFCC argues that the intent of the New Mexico State Legislature is apparent based on what it did not say. SFCC points to NMSA § 21-13-2(B)(4), which provides that community colleges and community college districts "shall not . . . be considered school districts insofar as the restrictions [on school district indebtedness] of Article 9, Section 11 of the constitution of New Mexico are concerned." NMSA § 21-13-2(B)(4). SFCC argues: "that the legislature expressly exempted community colleges from status as a school district for purposes of one section of the New Mexico Constitution is evidence that the legislature intended community colleges to be school districts with respect to other constitutional provisions, including the Anti-Donation Clause." Doc. 68 at 9-10. In other words, SFCC argues that this example demonstrates that when the New Mexico Legislature wants to exempt community colleges from a section of the New Mexico Constitution, it will make that exemption express; conversely, silence on the issue indicates inclusion.

As an initial matter, the Court notes SFCC's argument fails to recognize that the state legislature provided *separate* definitions for school districts and community college districts. If the state legislature had intended school districts and community college districts to be the same

9

for other purposes of the state constitution, one would not expect those terms to be defined separately.

More importantly, having separately defined "school district" and "community college district", the decision to include "school district" but not "community college district" in the Anti-Donation Clause is significant. "Interpretation of constitutional clauses begins with the language of the text. Where the constitutional clause is clear and unambiguous on its face, courts will not construe the clause." *See State v. Lynch*, 2003-NMSC-020, ¶ 15, 74 P.3d 73. Here, the Anti-Donation Clause unambiguously includes the term "school district" and unambiguously excludes the term "community college district." Given that the state legislature chose to separately define "school district" and "community college district" and then chose to enumerate only "school district" in the Anti-Donation Clause, the Court will not read into that Clause an additional enumeration the state legislature could have, but did not, include. *See State ex rel. Stratton v. Roswell Indep. Sch.*, 1991-NMCA-013, ¶ 23, 806 P.2d 1085 ("When the [New Mexico] constitution either grants or prohibits certain powers, the affected subdivisions are specifically enumerated.").

SFCC also argues that it is subject to the Anti-Donation Clause as either a state institution or a school district because it receives public funding. Doc. 61 at 21. This funding argument cuts both ways, however. One difference between the elementary, middle, junior high, and high schools that comprise a school district and a community college is that a community college collects tuition payments from its students. Thus, schools that comprise a school district under NMSA § 22-1-2(L) provide free, legally mandated education that is completely subsidized by the government. In contrast, community colleges provide non-mandatory education subsidized in part by student tuition payments. Doc. 61 at 7. Thus, even though, as SFCC points out, 80

percent of its funding comes from public sources, that it charges its students tuition is another factor that distinguishes it from the schools § 22-1-2(L) enumerates as comprising a school district.

Moreover, concluding that SFCC is subject to the Anti-Donation Clause because it receives public funds would extend the Anti-Donation Clause far beyond the entities enumerated in the Clause. Again, in deciding the meaning of the Clause, the Court looks to its plain language and is not inclined to expand the Clause beyond the entities specifically enumerated within it. The New Mexico Attorney General's past treatment of a watershed district, a political subdivision of the state, provides support for this position. In 1993, the New Mexico Attorney General concluded that a watershed district is excluded from the Anti-Donation Clause because it is not one of the political subdivisions specifically enumerated in the Clause. Doc. 53-13 at 2 n.3 (Feb. 4, 1993 Attorney General of New Mexico opinion).

Nor do the cases SFCC cites convince the Court that this is a sufficiently novel question that needs to be certified to the state Supreme Court. SFCC argues that the New Mexico Constitution should be interpreted to address the evils the Anti-Donation Clause is intended to correct: "the investment of public funds in private enterprises." Doc. 61 at 19 (citing N.M. Att'y Gen. Op. No. 92-03 (May 5, 1992)). As such, SFCC cites several cases in which, it argues, New Mexico courts have applied the Anti-Donation Clause to "entities not specifically enumerated in the text." Doc. 61 at 20. For example, it cites *Village of Deming v. Hosdreg Co.*, in which the New Mexico Supreme Court applied the Anti-Donation Clause to the Village of Deming. 1956-NMSC-111, ¶¶ 31-32, 303 P.2d 920. It argues that the court "broadly defined a 'municipality' to mean a 'municipal subdivision' and included the Village of Deming in such definition, despite the fact that 'village' is not enumerated in the Anti-Donation Clause's text." Doc. 61 at 20.

11

Under state statute, however, a municipality is defined as "any incorporated city, town or *village* . . . ." NMSA § 3-1-2(G) (emphasis added). The *Village of Deming* court, therefore, was not broadly defining municipality to include entities not enumerated in the text; instead, in concluding that a village was a type of municipality, it was simply applying the statutory definition of "municipality." Unlike the situation in *Village of Deming* where the state legislature declared a village to be a type of municipality, the state legislature has never declared that a community college is a school district.

Next, SFCC cites *National Union of Hospital Employees v. Board of Regents*, in which the New Mexico Court of Appeals found that the University of New Mexico Hospital was subject to the Anti-Donation Clause. 2010-NMCA-102 ¶¶ 37-40, 245 P.3d 51. SFCC again reads this as expanding the Anti-Donation Clause since "university hospital" is not an enumerated entity. Doc. 61 at 20. However, the University of New Mexico is listed under Article XII, Section 11 and so, as a state education institution, is an enumerated entity. Its teaching hospital is part of that state education institution and so is simply a component of an enumerated entity.

The other cases SFCC cites likewise deal with application of the Anti-Donation Clause to enumerated entities. *See Kennecott Copper Corp. v. Town of Hurley*, 1973-NMSC-032, ¶ 1, 507 P.2d 1074 (applying the Anti-Donation Clause to a town, which falls under the definition of municipality); *Chronis v. State ex rel. Rodriguez*, 1983-NMSC-081, ¶ 30, 670 P.2d 955 (applying the Anti-Donation Clause to a subsidy given by the state); *White v. Bd. of Educ. of Silver City*, 1938-NMSC-009, ¶¶ 28-30, 75 P.2d 712 (applying the Anti-Donation Clause to a school district).

In sum, authority from the state courts provides sufficiently clear guidance for this Court to conclude that SFCC is not enumerated in the Anti-Donation Clause and so is not governed by

the Anti-Donation Clause. And, SFCC points to no authority which persuades the Court that state courts would expand the enumerated entities in the Anti-Donation Clause to include SFCC. As such, the Court can resolve this issue without certifying it to the New Mexico Supreme Court, despite this issue being one of substantial public interest. Because the Court declines to certify the first question—whether the Anti-Donation Clause applies to SFCC—and concludes that the Anti-Donation Clause does not apply to SFCC, it need not address whether it would be appropriate to certify the second question—whether, if the Anti-Donation Clause applies to SFCC, it requires fair market value.

The Court also finds certification inappropriate because the questions SFCC seeks to certify, while determinative of one issue SFCC seeks declaratory judgment on, may not "materially advance[] the ultimate termination of the litigation." *Schlieter*, 1989-NMSC-037, ¶ 4. If the New Mexico Supreme Court accepted certification and found in favor of SFCC on both issues (meaning the Clause applies to SFCC and requires fair market value), SFCC acknowledges that the case still will not be resolved. Doc. 68 at 4. Even if the New Mexico Supreme Court concluded that the Anti-Donation Clause applies to SFCC and requires fair market value, an open question would continue to exist as to whether renewal of a contract "on essentially the same terms and conditions" would violate the Anti-Donation Clause. In other words, even if the Court granted SFCC's motion to certify, and even if the New Mexico Supreme Court then ruled in SFCC's favor, a factual issue remains as to what is fair market value and the meaning of "on essentially the same terms and conditions."

Alternatively, if the New Mexico Supreme Court found that SFCC is not subject to the Anti-Donation Clause, or that the Anti-Donation Clause does not require fair market value, two other issues regarding the renewal provisions would remain unresolved. That is, in its first

13

amended complaint, SFCC seeks a declaratory judgment on whether the leases are enforceable regarding three issues, only one of which involves the Anti-Donation Clause. Because a decision by the New Mexico Supreme Court would not "be determinative of the case at hand", certification is not appropriate. *See Pino*, 507 F.3d at 1236.

Finally, because the Court will not certify the proposed questions, it also denies SFCC's request to stay the case while the questions are pending before the state Supreme Court.

**IT IS THEREFORE ORDERED** that Plaintiff Santa Fe Community College's Motion and Brief to Certify Questions of State Law to the New Mexico Supreme Court and Motion for Stay (Doc. 68) is DENIED.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by consent**